UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF NEW YORK

JIAN HUA LI, individually and on behalf of all other
employees similarly situated,

Plaintiff,

- against -

CHANG LUNG GROUP INC and TOMMY ZHOU

Defendants.

Case No.

**COLLECTIVE & CLASS
ACTION COMPLAINT AND
JURY TRIAL DEMAND**

Plaintiff Jian Hua Li ("Plaintiff"), on his own behalf and on behalf of all others similarly situated, by and through their undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants CHANG LUNG GROUP INC and TOMMY ZHOU (collectively "Defendants"), allege and show the Court the following:

## INTRODUCTION

1.      This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.  Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, including overtime compensation for all hours worked over forty (40) each workweek.

2.       Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3.       Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from  the  Defendants:  (1)  unpaid minimum wages, (2) unpaid overtime wages, (3) unpaid "spread of hours" premium for each day they worked ten (10) or  more  hours, (4) liquidated damages equal to the sum of unpaid  overtime, unpaid "spread of hours" premium, and unlawful wage deductions  pursuant  to  the  NY Wage Theft Prevention Act;  (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

4.       Plaintiff also alleges that he was deprived his statutory rights as a result of Defendants' unlawful discrimination practices under the New York State Human Rights Law, New York Executive Law § 296 ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-502 ("NYCHRL") and brings this action against Defendants to recover (1) compensatory damages for emotional distress, (2) punitive damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.       This Court has original federal question jurisdiction over this controversy under  29 U.S.C.  §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6.       Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

7.      Plaintiff Li is a resident of Brooklyn, New York and was employed by Chang Lung Group Inc. located at 4425 1st Avenue, Brooklyn, New York 11232 from July 7, 2016 to September 28, 2016.

**DEFENDANTS**

8.      Upon information and belief, Defendant, Chang Lung Group Inc had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Chang Lung Group Inc is a Motor Carrier as defined by 49 U.S.C. § 13102.

9.      Upon information and belief, Defendant Tommy Zhou is an owner, officer, director and/or managing agent of Chang Lung Group Inc located at 4425 1st Avenue, Brooklyn, New York 11232 and participated in the day-to-day operations of Chang Lung Group Inc and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Chang Lung Group Inc.

10.     Upon information and belief, Defendant Tommy Zhou owns the stock of Chang Lung Group Inc and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work.

11.     At all times relevant herein, Chang Lung Group Inc was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

12.     At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Chang Lung Group Inc.

13.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff their lawfully earned overtime compensation and spread-of-hour premiums, promised compensation, and failed to provide them a wage notice at the time of hiring in violation of the NYLL.

14.    Plaintiff have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## **STATEMENT OF FACTS**

15.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

16.    Defendants knew that the nonpayment of overtime pay, spread of hours pay, unlawfully deductions of wages from the Plaintiff, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

17.    From July 7, 2016 to September 28, 2016, Plaintiff Li was hired by Defendants to work as a driver/truck loader for the Defendants' bus company located at 4425 1st Avenue, Brooklyn, New York 11232.

22.    Chang Lung Group Inc offers fixed bus services routes as well as flexible tourist services that run routes based on customers' sightseeing plans.

23.    Plaintiff did not have a regular work schedule, but was instead assigned routes and paid according to their assigned routes.

24.    A majority of the bus routes required Plaintiff to work anywhere from 10 – 15 hours.

25.     When Plaintiff worked multiple routes per week, which they often did, Plaintiff worked well over forty (40) hours per week.

26.     Plaintiff was not paid an hourly rate, but instead paid according to his bus routes.

27.     For example, Plaintiff Li was promised to receive only a fixed monthly compensation of $1,600 in cash during his alleged working period. But he only received $2,600 throughout the time he worked there.

28.     Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

29.     Defendants also owe Plaintiff various amounts of promised but unpaid compensation.

30.     Plaintiff and the New York Class Members' workdays often lasted longer than 10 hours.

31.     Plaintiff was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours, six days each week.

32.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

33.     Defendants did not provide Plaintiff with a wage notice at the time of hiring.

34.     Defendants did not provide Plaintiff and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Class members' pay increase(s).

35.     Plaintiff were not required to keep track of their time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected their actual hours worked.

36.     Defendants provided fraudulent paystubs which did not reflect the actual hours worked by Plaintiff nor the amount of compensation actually paid to Plaintiff.

37.     Defendants committed the foregoing acts against the Plaintiff the FLSA Collective Plaintiff, and the Class.

38.     Defendants committed the alleged acts knowingly, intentionally and willfully.

39.     During the course of Plaintiff Jian Hua Li's employment with Defendants, Plaintiff was constantly subjected to a racially hostile work environment and racial discrimination.  During the time when Li was working for Defendants, his supervisor Defendant Zhou had cursed Li with insulting languages based on his race and national original at least on three occasions. For example, on September 9, 2016, Defendant Zhou shouted towards Li on the phone "you Chinese junk, go find the lost goods" when Li reported to Zhou that some goods were lost. In the  morning of September 25, 2016, Defendant Zhou spoke two times towards Chinese employees including Li, "you Chinese rubbish" when the Chinese employees were unloading the truck. On September 28, Zhou shouted to Li " Chinese are junk" when Li claimed his back wages against the company. Zhou's illegal activities evidenced by the recordings Plaintiff kept are clearly racial discrimination, which violated Federal, New York State and New York City Anti-discrimination Laws.

## COLLECTIVE ACTION ALLEGATIONS

40.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time

and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

41.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

42.     Plaintiff bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who failed to receive overtime compensation or spread-of-hours pay for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

43.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than fifteen (15) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

44.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and has retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff have no interests that are contrary to or in conflict with those members of this collective action.

45.    This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

46.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

47.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

47.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

48.     Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

49.     Plaintiff bring their NYLL claims pursuant to Federal Rules of Civil Procedure ("F. R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at Eight Star Inc. on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

50.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are

determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said F.R.C.P 23.

51.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than fifteen (15) members of the class.

52.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

53.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage and hour employment litigation cases.

54.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

55.     Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing

claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

56.      There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. Whether Plaintiff and Class members are entitled to overtime under the New York Labor Law;

c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread-of-hours pay as required by the NYLL;

d. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL;

e. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

## COUNT I
**(Fair Labor Standards Act-Unpaid Minimum Wages)**

57.      Plaintiff repeat the preceding allegations and incorporates the same herein as if set forth in detail.

58.      At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of

goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

59.     At all relevant times, Plaintiff was employed as an "employee" of the Defendants within the meaning of FLSA.

60.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

61.     The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

62.     At all relevant times, Defendants had a policy and practice of refusing to pay  the statutory minimum wage to Plaintiff for some or all of the hours he worked.

63.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

64.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate  Plaintiff at  the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT II
### (New York Labor Law-Unpaid Minimum Wages)

65.     Plaintiff repeat the preceding allegations and incorporates the same herein as if set forth in detail.

66.     At all relevant times, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

67.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

68.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for hours worked.

### COUNT III
### [Violation of Fair Labor Standards Act – Overtime]

69.     Plaintiff on behalf of themselves and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty hours per workweek.

71.     As a result of the Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C, §§ 201 *et seq,* including 29 U.S.C. §§ 207(a) (1) and 215(a), including the federal minimum wage.

72.     As a result of the Defendants' failure to record, report, credit and/or compensate their employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

73.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

74.     Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, is entitled to recover from Defendants their unpaid wages, his unpaid minimum wages, his unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT IV
## [Violation of New York Labor Law – Overtime]

75.     Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

77.     The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

78.     Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, and unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law §

663(1) et al.

## COUNT V
### [Violation of New York Labor Law—Spread of Hour Pay]

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

81.     Defendants' failure to pay Plaintiff and Rule 23 Class spread-of-hours pay was not in good faith.

## COUNT VI
### [Violation of New York Labor Law—Failure to Provide Wage Notice at the Time of Hiring]

82.     Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission ,or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

84.     Defendants intentionally failed to provide notice to employees in violation of New

York Labor Law§195,which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

85.     Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

86.     Due to Defendants' violations of New York Labor Law, the Plaintiff are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT VII**
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

87.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

89.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after Plaintiff's payday.

90.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor

Law N.Y. Lab. Law §198(1-d).

## COUNT VIII

### [Civil Damages for Deceptive Acts and Practices — Violations of New York General Business Law §349 Brought on Behalf of the Plaintiff]

91.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92.     NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

93.     Due to Defendants' violations of NY GBS Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

## COUNT IX

### [Race and National Origin Discrimination-Violation of New York State Executive Law § 296]

94.     Plaintiff re-alleges and repeats Paragraphs 1 through 93 of this Complaint as if fully set forth herein.

95.     Defendants violated Plaintiff's statutory protected rights under New York State Human Rights Law, New York Executive Law § 296, by subjecting Plaintiff to a racially hostile work environment.

96.     Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff's protected rights under the New York Executive Law § 296.

97.     As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including the past and future emotional distress and the costs of bringing this action.

98.     Due to Defendants' violation under the New York Executive Law § 296, based on discrimination on the basis of race, Plaintiff is entitled to recover from Defendants compensatory damages.

## COUNT X

### [Race and National Origin Discrimination-Violation of New York City Administrative Code § 8-107]

99.     Plaintiff re-alleges and repeats Paragraphs 1 through 98 of this Complaint as if fully set forth herein.

100.    Defendants violated Plaintiff's statutory protected rights under the New York City Human Rights Law, Administrative Code of the City of New York § 8-107, by subjecting Plaintiff to a racially hostile work environment.

101.    Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff and the Class's protected rights under the New York City Administrative Code § 8-107.

102.    As a result of Defendants' unlawful employment practice, Plaintiff sustained injury, including the past and future emotional distress and the costs of bringing this action.

103.    Due to Defendants' violation under the New York City Administrative Code § 8-107, based on discrimination on the basis of race, Plaintiff is entitled to recover from Defendants: (1) compensatory damages; (2) punitive damages; and (3) attorneys' and expert fees and costs.

### Prayer For Relief

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective Plaintiff and rule 23 class, respectfully requests that this court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been

employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a class action pursuant to rule 23 of the federal rules of civil procedure;

c)      Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)      Certification of this case as a collective action pursuant to FLSA;

e)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

f)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)      An injunction against Chang Lung Group Inc, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)      An award of unpaid wages and overtime wages due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq.,

20

§§650 et seq., and one hundred percent after December 23, 2012 under NY Wage Theft Prevention Act, and interest;

i)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

j)     An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. §216;

l)     An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

m)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)     The cost and disbursements of this action;

o)     An award of prejudgment and post-judgment fees;

p)     Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4);

q)     An award of the following damages jointly and severally against the Defendants for discrimination claims:

i. Back pay, front pay, and all benefits along with pre and post judgment interest in the amount of fifty thousand dollars ($50,000.00);

ii. Punitive, liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury and emotional distress in order to compensate him for the injuries he has suffered and to signal to other employers that medical disability discrimination and age discrimination in employment is repulsive to legislative enactments in the amount of one million dollars ($1,000,000.00);

iii. Attorney's fees, costs and expenses as provided for by the applicable statutes; and Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York

December 5, 2016

HANG & ASSOCIATES, PLLC.

_____/s/_____Jian Hang_____

Jian Hang, Esq.
136-18 39th Avenue, Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by Chang Lung Group Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

JIANHUA LI
_____
Full Legal Name (Print)

JianHua Li
_____
Signature

09 / 29 / 2016
_____
Date

# EXHIBIT 2

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
FOR SERVICES RENDERED**

TO:     Tommy Zhou

    PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Jian Hua Li and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of  CHANG LUNG GROUP INC for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

    Dated: December 5, 2016

# EXHIBIT 3

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:   Chang Lung Group Inc
       4425 1ˢᵗ Avenue
       Brooklyn, New York, 11232

PLEASE TAKE NOTICE, that Jian Hua Li and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: December 5, 2016